IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOLLY  THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | **No.**  12-1187 |
| | : | |
| | : | |
| **KEVIN A. THOMAS** | : | |
| **THE HONORABLE** | : | |
| **EUGENE E. FIKE II,** | : | |
| **DENNIS M. BLACKWELL, ESQ.** | : | |
| **CASEY MULLEN, ESQ.** | : | |
| **ROBERT M. OWSIANY, ESQ.** | : | |
| **MARY ELLEN SICHAK** | : | |
| | : | |

## COMPLAINT IN CIVIL ACTION

The Plaintiff, Holly Thomas, ("Plaintiff"), acting pro se, files this Complaint pursuant to the Federal Rules of Civil Procedure and alleges as follows:

### JURISDICTION  & VENUE

1.      Jurisdiction is conferred upon this Honorable Court and is founded upon 28.U.S.C.§§   1331, 1343(a) (3), (4) and 42 U.S.C §§ 1983.

2.      Plaintiff is a resident and citizen of Pennsylvania.  Each Defendant is, upon information and belief, a citizen of Pennsylvania resident within this judicial district.  Therefore, the United States District Court for the District of Pennsylvania is the proper venue for this action under 28 U.S.C .§  1391(b) and (c).

3.      Plaintiff brings this action to redress the deprivation of rights secured by The First, Fourth, and Fourteenth Amendments to the United States Constitution, Pursuant to 42 U.S.C. §  1983, and Pennsylvania common law.

4.      Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's State law claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

## PARTIES

5.      The Plaintiff, Holly Thomas ("Holly Thomas or Plaintiff") resides at 152 Shenango Road,  New Castle, Lawrence County, Pennsylvania 16105.

6.      The Defendant, Kevin A. Thomas ("Thomas") is an adult individual residing at 130 Fireside Drive, New Castle, Lawrence County, Pennsylvania, 16105, and is and was at all times material hereto, a citizen of the United States and the Commonwealth of Pennsylvania, and a resident of the judicial district. Defendant Thomas is married to the Plaintiff, however, the parties have lived separately and apart for several years.  Defendant Thomas is the opposing party in custody and support and maintenance actions pending in the Court of Common Pleas of Lawrence County, Pennsylvania.  Defendant Thomas is a licensed physician authorized to practice medicine in the Commonwealth of Pennsylvania, and is an associate in a medical practice having offices in Mercer and Grove City, Pennsylvania.

7.      The Defendant, Honorable Eugene E. Fike II ("Judge Fike") is an adult Individual who, in his capacity as Senior Judge Specialty Presiding, was assigned to a family court proceedings underlying the Complaint, which was filed of record in the Court of Common Pleas of Lawrence County, Pennsylvania.

Judge Fike, for purposes of this action, maintains a position or place of business at the Lawrence County Government Center, 430 Court Street, New Castle, Pennsylvania 16101, and is and was at all times material hereto, a citizen of the United States and the commonwealth of Pennsylvania and subject to jurisdiction of this Honorable Court.   Judge Fike was formally a Judge of the Court of Common Pleas of Somerset County, Pennsylvania, until his retirement from that Court.   He was assigned this family court case involving the Plaintiff and the Defendant, Kevin A. Thomas, on October 28, 2011.   At all time material and relevant hereto, he acted in his capacity as a State Court Judge and as such, in this capacity he has acted under the color of State Law.

8.      The Defendant, Dennis M. Blackwell, Esquire ("Blackwell") individual and a licensed attorney authorized and admitted to the practice of law in the Commonwealth of Pennsylvania, maintaining an office for such purpose at Suite 416, Frick Building, 437 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219.   Defendant Blackwell  is and was at all times  material hereto, upon information and belief, a citizen of the United States and the Commonwealth of Pennsylvania and a resident of this judicial district.   Defendant Blackwell is and was at all times material hereto, acting as legal counsel, attorney, agent and employee of Defendant, Kevin A. Thomas.

9.      The Defendant, Casey Mullen, Esquire ("Mullen") is an adult individual and a licensed attorney authorized and admitted to the practice of law in the Commonwealth of Pennsylvania, maintaining an office for such purpose under the auspices of Defendant Blackwell at Suite 416, Frick Building, 437 Grant

Street, Pittsburgh, Allegheny County, Pennsylvania 15219. Defendant Mullen is
and was at all times material hereto, upon information and belief, a citizen of the
United States and the Commonwealth of Pennsylvania and a resident of this
judicial district. Defendant Mullen is and was at all time material hereto, acting as
legal counsel, attorney, agent and employee of Defendant, Kevin A. Thomas,
and as an agent, servant and employee of Defendant, Dennis M. Blackwell,
Esquire.

10.     The Defendant, Robert M. Owsiany, Esquire, ("Owsiany") is an adult
individual and upon information and belief, a licensed attorney authorized and
admitted to the practice of law in the Commonwealth of Pennsylvania,
maintaining an office for such purposes at the Henry W. Oliver Building, Suite
544, 535 Smithfield Street, Pittsburgh, Allegheny County, Pennsylvania 15222.
Defendant Owsiany is and was at all times material hereto, upon information and
belief, a citizen of the United States and the Commonwealth of Pennsylvania,
and a resident of this judicial district.  Defendant Owsiany was at all times
material hereto, acting as legal counsel, attorney, agent, servant and employee
of the Defendant, Kevin A. Thomas.

11.     The Defendant, Mary Ellen Sichak, ("Sichak"), is an adult individual
residing at 130 Fireside Drive, New Castle, Lawrence County, Pennsylvania
16105.  Defendant Sichak is, and was at all times material hereto, upon
information and belief, a citizen of the United States and the Commonwealth of
Pennsylvania, and a resident of the judicial district.  The Defendant is the
girlfriend, paramour, lover and companion of the Defendant, Kevin A. Thomas,

and resides with the Defendant at her residence located at the address herein stated.

## FACTS

12.     This case has evolved from the conspiratorial actions on the named Defendants, to deny the Plaintiff her constitutionally guaranteed rights under the First, Fourth and Fourteenth Amendments of the United States Constitution and the Civil Rights Act of 1991.

13.     The Plaintiff and Defendant Thomas resided together as husband and wife until May, 2004, when Plaintiff had to obtain a temporary Protection from Abuse Order, against the Defendant Thomas,  to ensure the safety and well being of herself and her minor child.

14.     The Defendant Thomas initially commenced an action for the custody of the parties' minor son,  Connor Thomas, in the Court of Common Pleas of Allegheny County, Pennsylvania.

15.     In June, 2004, the Plaintiff moved with her minor child, Connor, from Allegheny County, Pennsylvania, to her parents' home in Lawrence County, Pennsylvania.

16.     On August 21, 2006, the family law actions of custody and spousal and child support were transferred from the Court of Common Pleas of Allegheny County, Pennsylvania, to the Court of Common Pleas of Lawrence County, Pennsylvania.

17.     In September, 2007, Defendant Thomas and Defendant Sichak relocated

to Lawrence County, Pennsylvania, and Defendant Sichak purchased a residence on a street located directly behind Plaintiff, who by that time moved into a residence situated at 152 Shenango Road, New Castle, Neshannock Township, Pennsylvania.

18.    On September 18, 19, 2007, a custody trial was scheduled in the Court of Common Pleas of Lawrence County, Pennsylvania, with the Honorable John W. Hodge, as Presiding Judge.

19.    The custody trial was conducted by Judge Hodge and the parties were afforded every opportunity to produce evidence and witness testimony in support of each party's request for primary physical, custody of the parties' minor child, Connor Thomas.

20.    On December 17, 2007, Judge Hodge issued a decision in the custody action, awarding Plaintiff primary physical custody of the parties' minor child. The Defendant was awarded partial physical custody on alternating weekends and several weeks of vacation time with the child during the summer months.

21.    In January, 2008, Defendant Thomas filed an appeal from Judge Hodge's Decision and Order, to the Superior Court of Pennsylvania.

22.    On May 7, 2009, the Superior Court issued a Memorandum Opinion and Order affirming the Decision and Order of the trial court.  The Superior Court stated on Page 3 of the Opinion that "the record supports the trial court's finding that the Father's obstructive behavior is more responsible for the parties' difficulties in communicating and that Father's behavior may prove detrimental to the child's best interest".

23.     Subsequent to the issuance of the Memorandum Opinion and Order by the Superior Court of Pennsylvania, the Defendants Thomas and Sichak, commenced a deliberate and focused pattern of behavior which consisted of continual verbal harassment and threats that Defendants would take the child away and Plaintiff would never see her son again.  Defendant Thomas also told Plaintiff that he was a physician and everyone would believe anything he said and he would convince everyone that Plaintiff was addicted to the use of drugs and was mentally unstable.

24.     On, October 9, 2011,  Defendant Thomas, with the encouragement and financial assistance provided by Defendant Sichak, filed another petition to modify the custody order, alleging therein that Plaintiff was addicted to drugs and needed  psychiatric treatment.

25.     Defendant Thomas requested the Court to order the parties to undergo psychological evaluations with a psychologist, located in Pittsburgh, Pennsylvania, Dr. Anthony McGroarty.  Dr. McGroarty was a friend of Defendant Thomas and during the evaluation process, he advised the Plaintiff to surrender custody of her son to Defendant Thomas since she was not going to prevail against Defendant Thomas because he would not allow it to happen.

26.     A second custody hearing was scheduled to be held before the Honorable Judge John W. Hodge, on March 15, 16, 2011.  Prior to the scheduled custody hearing, Defendants Thomas and Sichak continued to harass Plaintiff and follow her vehicle to ascertain the identity of her friends and acquaintances and individuals she may have contacted.  Defendant Sichak, through her actions and

behavior, represented to other individuals that she was the mother of Plaintiff's minor son.

27.    Prior to the custody hearing scheduled to be held on March 15 , 2011, the Plaintiff and Defendant reached an agreement regarding shared physical and legal custody of the minor child, Connor.

28.    A review conference was scheduled to be held by the Honorable Judge John W. Hodge, on July 14, 2011.  Defendant Thomas and his counsel, at that time,  Todd M. Begg, Esquire, appeared at the review conference, along with Plaintiff and her counsel, Norman J. Barilla, Esquire.  Also present at the review conference was the court-appointed guardian ad litem, Bradley G. Olson, Jr., Esquire.

29.    Defendant Thomas did not raise an issue in regard to custody of the minor child, at the review conference.  At no time during the conference did counsel for Defendant Thomas request Judge Hodge to reschedule a further custody trial or a hearing on the issue of custody.  Judge Hodge therefore did not schedule a further proceeding on the issue of custody.

30.    On August 9, 2011, Defendant Thomas appeared before Judge Hodge in Family Motion Court, with his then counsel, Todd M.  Begg, Jr., Esquire, to argue a motion to appoint a pediatric dentist for the minor child, presented by Bradley G. Olson, Jr., Esquire, the court-appointed guardian ad litem.  Defendant Thomas requested Judge Hodge to change the minor child's pediatric dentist, John B. Dietz, D.M.D., who had treated the child, Connor Thomas, presently eleven years of age, since birth.  Defendant Thomas' request was motivated by

the fact that Plaintiff's mother was an employee of the pediatric dentist and Defendant Thomas could not dictate or impose his opinion upon the pediatric dentist. Judge Hodge refused Defendant Thomas' request and directed that Dr. Dietz would continue as the child's pediatric dentist.

31.     In August, 2011, Defendant Thomas discharged his counsel, Todd M. Begg, Esquire and returned to the services of his present counsel, Defendant Dennis M. Blackwell, Esquire to represent him in the family court matters pending in the Court of Common Pleas of Lawrence County, Pennsylvania.

32.     Defendant Blackwell, from the time of commencement of his representation of Defendant Thomas adhered to a pattern of misstating and misrepresenting facts to the trial court and filing frivolous and threatening pleadings against Plaintiff, with the intent to harass and intimidate Plaintiff into surrendering custody of her son.

33.     Defendant Blackwell's actions were in concert with and intended to further Defendant Thomas' avowed purpose of denying the Plaintiff the fair and impartial administration of justice.

34.     Defendant Blackwell appeared in Family Motion Court before the Honorable Dominick Motto, President Judge of the Court of Common Pleas of Lawrence County, Pennsylvania, on October 5, 2011, to contest the Motion For Continuance presented by Plaintiff's counsel. During an exchange with Judge Motto, concerning the status of the custody case, Defendant Blackwell stated to Judge Motto that a custody trial was "supposed to be scheduled, but none has been."

35.     Defendant Blackwell, in response to a question from Judge Motto, inquiring whether the parties have been through a conciliation conference, further misrepresented to the Court that "we've been through everything".  Defendant Blackwell's misrepresentations to the Court were a deliberate attempt to mislead the Court and circumvent the procedure established by the Court, for the progression of the custody case.

36..   Judge Motto stated to Defendant Blackwell that the argument was scheduled before Judge Hodge.  Defendant Blackwell responded that "I believe it is scheduled before Judge Fike"  Judge Motto was surprised that Defendant Blackwell would state that Defendant Judge Fike would be assigned to this case. Defendant Blackwell was also surprised to learn that Judge Hodge would decide the Motion for  Disqualification of Counsel  and so advised Defendant Thomas.

37.     Defendant Blackwell's actions  on October 5, 2011, constitute a violation of the Rules of Professional Conduct adopted by The Supreme Court of Pennsylvania.

38.     On October 6, 2011, Defendant Blackwell sent Plaintiff's counsel, Norman J. Barilla, Esquire, a letter in which he demanded on behalf of Defendant Thomas, an explanation of Plaintiff's counsel's whereabouts on October 6, 2011, since Defendant Thomas had travelled to Butler County, Pennsylvania, on that date, to ascertain if Plaintiff's counsel was in a court hearing.

39.     On October 27, 2011, Plaintiff and her counsel, Norman J. Barilla, Esquire and John E. Quinn, Esquire, appeared in court before the Honorable Judge W.

Hodge, to argue the Motion for Disqualification of Counsel filed by Defendant Thomas.

40.    Upon arriving for the argument, Plaintiff's counsel were advised that Judge Hodge wanted to meet with all counsel for the parties in his office, including the court-appointed guardian, Bradley G. Olson, Jr., Esquire.

41.    Judge Hodge advised all parties present that he had received a Civil Complaint filed by Defendant Thomas in the United Stated District Court for the Western District of Pennsylvania, and that he was named as a Defendant, along with Plaintiff's present counsel, Norman J. Barilla, Esquire, his law partner and former guardian ad litem, Deborah A. Shaw, Esquire, as well as Plaintiff and her parents, John DiCola and Dolores DiCola, his wife.

42.    Judge Hodge informed all parties present that he would have to recuse himself from the case and another Judge would be assigned to preside over the case.

43.    Plaintiff learned within three (3) days of Judge Hodge's removal from the case, that Defendant Judge Fike was assigned to preside over the remaining proceedings.

44.    Defendants Thomas and Blackwell, through the filing of the action in the United Stated District Court, effectively removed Judge Hodge from the Family court cases and impeded his ability to decide the Defendant Thomas' Motion for Disqualification of Plaintiff's counsel and other matters which would arise in the custody case involving Plaintiff's minor son.

45.    It was apparent from the time that Defendant Judge Fike began presiding

over the custody and support cases the Plaintiff would not receive a fair and impartial determination of those issues.

46.     Defendant Thomas engaged in "judge-shopping" from the commencement of the custody case in the Court of Common Pleas of Lawrence County, when he attempted to have the custody matters heard before another visiting Judge, Senior Judge Michael Wherry, who is a close personal friend of Defendant Thomas' father. Defendant Thomas has admitted in his lawsuit filed in the United States District Court that he received favorable treatment from Senior Judge Wherry.

47.     Defendant Judge Fike heard the arguments of counsel on the Defendant Thomas' Motion for Disqualification of Counsel and on November 23, 2011, issued an Order disqualifying Plaintiff's counsel, Norman J. Barilla, Esquire, from representing Plaintiff in the custody case.

48.     Defendant Judge Fike disqualified Plaintiff's counsel by Order of court dated November 23, 2011, on the basis the Plaintiff's counsel could have access to confidential information received by Deborah A. Shaw, Esquire, the former guardian ad litem for the minor child, and Attorney Barilla's law partner.

49.     Defendant Judge Fike ignored the fact that the Consent Custody Order of Court entered on March 15, 2011, by Judge Hodge, provided that Deborah A. Shaw, Esquire, the court-appointed guardian ad litem could "speak directly to all relevant persons including but not limited to Connor's teachers, medical providers, dentists, counselors, therapist, psychologists and psychiatrists, as well as review any records regarding Connor…".

12

50.    It was evident from the above-stated language the parties to the custody case waived any privilege of confidentiality as to the court-appointed guardian ad litem, yet Defendant Judge Fike chose to ignore or disregard the issue by denying Plaintiff the right to be represented by counsel of her choosing and on November 23, 2011, issued an Order disqualifying Plaintiff's counsel in the custody case.

51.    Plaintiff's co-counsel, John E. Quinn, Esquire, presented a Motion for Recommendation to Defendant Judge Fike, which was granted and the Order of November 23, 2011, was vacated and re-argument was scheduled before Defendant Judge Fike.

52.    On February 15, 2012, Defendant Judge Fike again issued an Order disqualifying Plaintiff's counsel, Norman J. Barilla, Esquire, from representing her in the custody case and once again wrongfully denied the Plaintiff the right to have counsel of her choosing to represent her.

53.    On February 7, 2012, Defendant Blackwell, not Mullen, on behalf of Defendant Thomas, presented to Defendant Judge Fike, a Motion for Sanctions against Plaintiff and her then counsel, Norman J. Barilla, Esquire, requesting counsel fees in the amount of $10,000.00.

54.    The Motion for Sanctions was accepted by Defendant Judge Fike despite that the Motion was factually inaccurate, had no basis of support in law or fact and an attempt to harass, intimidate and continue to threaten the Plaintiff, in violation of the Code of Professional Conduct.

55.   All the above statements were obvious to Defendant Judge Fike, by simply reading,  the Motion and knowing that a request for sanctions in the amount of $10,000.00 was ridiculous, unsubstantiated and punitive in nature.

56..   Defendant Judge Fike scheduled a hearing on Defendant Thomas' sanctions, which caused in excess of four (4) hours  Defendants  Blackwell  and Mullin, despite producing three (3) witnesses by subpoena, could not substantiate a single allegation in  the motion.  Plaintiff's counsel in the custody case, Norman J. Barilla, Esquire, was required to defend himself against the unwarranted and unsubstantiated accusations for four (4) hours and Defendant Judge Fike permitted that to happen, to the displeasure and criticism of all individuals in attendance.

57.   Defendants Blackwell and Mullen continued their attempts at intimidating and coercing Plaintiff, by appearing at a hearing on March 2, 2012, held before Judge Fike, on Plaintiff's motion to have the support case considered a complex case.   At the conclusion of the argument, Defendant Blackwell requested, on the record, that Defendant Judge Fike, considered the imposition of sanctions if discovery by Plaintiff's counsel fails to produce any evidence of additional income on the part of Defendant Thomas, beyond the amount stated on the record.

58.   Defendant Blackwell's thinly concealed threats of sanctions served no other purpose than to intimidate, threaten and harass Plaintiff in altering her course of conduct and withdraw from challenging Defendant Thomas' goals in

the custody and support cases and Defendant Blackwell proceeded with that conduct with the knowledge and approval of Defendant Judge Fike.

59.    Defendant Thomas has admitted in his lawsuit filed in the United States District Court that he suffers from severe psychological issues which impact his ability to properly care for the parties' minor child, nonetheless Defendant Judge Fike had no hesitation in allowing Defendants Thomas and Sichak to take Plaintiff's minor child on a cruise ship for seven (7) days.

60.    Defendants Thomas and Blackwell presented to Defendant Judge Fike, a Petition for Psychological Examination of Plaintiff, which Defendant Judge Fike approved by ordering the Plaintiff and Defendant Thomas to undergo psychological evaluations before a psychologist to be chosen by Defendant Judge Fike, after receiving suggestions from the parties.  Defendant Judge Fike was, or should have been aware, that the Plaintiff submitted to a psychological evaluation on two (2) occasions prior to the two (2) custody trial scheduled by Judge Hodge.

61.    Defendants Thomas and  Blackwell had attempted to manipulate and convince Defendant Judge Fike that Plaintiff suffered from severe psychological issues which affected her ability to properly care for her minor child.  Defendant Judge Fike failed to utilize independent thought and judgment and accepted the arguments of Defendants Thomas and Blackwell, without having a legal or factual basis in support thereof.

62.    Defendant Thomas suffers from severe psychological stressors and has admitted as much in the lawsuit which he filed in the United States District Court against Judge Hodge and the other named Defendants.

63.     Defendants Thomas and Blackwell know that the costs of the

psychological evaluations would financially burden the Plaintiff, who works

multiple jobs in order to support her child and herself.  Defendants Thomas and

Blackwell once again conspired to intimidate and coerce the Plaintiff through the

filing of a frivolous motion or petition with the intent to financially "break" the

Plaintiff, in accordance with Defendant Thomas' previous promise.

64.     Defendant Thomas, Blackwell and Mullen acted in concert to coerce the

Plaintiff into signing an application for a passport for Plaintiff's minor son, Connor,

so that Defendant Thomas could take him on a cruise.

65.     Defendant Blackwell, acting on behalf of Defendant Thomas, in the

custody case, filed a petition to compel Plaintiff to sign a passport application for

the minor child when Defendant Blackwell, through due diligence and research,

of the issue, knew or should have known that a passport was unnecessary for

minor child to go on a cruise.  The law does not require a passport for a child

who is going on a cruise.

66.     Defendant Blackwell, appeared at a hearing before Defendant Judge

Fike, and after Plaintiff presented her argument to Defendant Judge Fike, Plaintiff

was ordered and directed by Defendant Judge Fike to sign the passport

application in spite of her reservations and concerns for her child as stated on the

record in the hearing on June 26, 2012.

67.     Defendant Mullen appeared before the Honorable Thomas M. Piccione,

a Judge of the Court of Common Pleas of Lawrence County, Pennsylvania, to

present a motion to schedule a custody hearing.  During the oral presentation of

the motion, Defendant Mullen stated to Judge Piccione that a custody case was pending before the court for a hearing and that the psychological custody evaluations ordered by Defendant Judge Fike, were completed.  The statements made by Defendant Mullen were false when uttered and were made with the intent to deceive and mislead Judge Piccione, so that a custody trial would be expedited to the detriment of the Plaintiff.

68.     Defendants Thomas,  Blackwell and Mullen have repeatedly attempted to manipulate, mislead and deceive the Court against Plaintiff by filing factually inaccurate pleadings against Plaintiff and misrepresenting factual matters so that the Court would be prejudiced against Plaintiff and set in a manner which denied Plaintiff fair and equal access to justice in deprivation of her constitutional rights.

69.     Defendant Judge Fike in presiding over arguments and hearings in the custody and support cases steadfastly refused to follow the protocol and procedure utilized by the Judges of the Court of Common Pleas of Lawrence County, Pennsylvania, and has ruled in favor of Defendant Thomas on each and every issue of importance to Plaintiff.

70.     On July 26, 2012,  Defendant Mullen appeared before Defendant Judge Fike, to present a petition to quash a properly issued subpoena served upon a witness who was expected to testify in a supplemental support hearing scheduled to be held before Defendant Judge Fike.

71.     Defendant Mullen initially presented the petition to quash subpoena on

*behalf of the witness, however, during presentation of the petition, Defendant Mullen stated that he was presenting the petition on behalf of Defendant Thomas.*

72. *Defendants Mullen, Blackwell and Thomas conspired together to prevent the Plaintiff from obtaining testimony from a witness who could provide information to Plaintiff concerning Defendant Thomas' actual income. Defendant Thomas has previously testified falsely by deposition concerning the amount of his bonus income in the year 2011. At the support hearing held on April 30, 2012, Defendant Thomas' employer testified that the amount of his 2011 bonuses were twice the amount stated by Defendant Thomas in his deposition testimony.*

73. *Plaintiff's counsel advised Defendant Judge Fike that the motion to quash subpoena presented by Defendants Blackwell and Mullen, was a violation of the Code of Professional Conduct. Plaintiff's counsel requested Defendant Judge Fike to refuse to accept the motion. Defendant Judge Fike denied the request of Plaintiff's counsel and ordered that the subpoena be quashed for reasons not authorized by the Pennsylvania Rules of Civil Procedure.*

74. *The actions of Defendants Judge Fike, Blackwell, Mullen and Thomas constituted a deprivation of Plaintiff's right to a fair hearing and denied Plaintiff the opportunity of equal access to justice under the law.*

75. *Defendant Judge Fike through his actions in limiting Plaintiff's right to pre-trial discovery in the support case and directing Plaintiff to submit to a third psychological evaluation in the custody case, joined in the efforts of Defendant*

Thomas, Defendant Sichak, Defendant Blackwell, Defendant Mullen and Defendant Owsiany, to obstruct Plaintiff's right to equal and fair access to a court of law and conspired to deprive Plaintiff the right to the equal application of justice, without threat of harassment, coercion or intimidation.

76.    Defendant Owsiany has filed two (2) amended complaints on behalf of Defendant Thomas, in the United States District Court, at Case No. 2:11-CV-01344-JFC.

77.    The Plaintiff believes that Defendant Owsiany has conspired with Defendants Thomas, Blackwell and Mullen, in filing the amended complaint and has done so to harass and intimidate the Plaintiff and retaliate against Plaintiff for her opposition to Defendant Thomas.

78.    The conduct of Defendant Owsiany violates the Plaintiff's rights because Defendant Owsiany's has acted in a professionally irresponsible manner by failing to ascertain the accuracy of the allegations stated in the Second Amended Complaint filed on behalf of Defendant Thomas.

79.    Defendant Owsiany knew, or by reasonable investigation should have known, that the allegations made against Plaintiff and other Defendants named in the lawsuit, were patently false and untrue.

80.    Defendant Owsiany disregarded his legal responsibility to refrain from filing a frivolous lawsuit, due to his involvement and conclusion with Defendant Thomas, to embarrass, humiliate, harass and threaten Plaintiff without justifiable reason or cause, in order to cause Plaintiff to suffer emotional and financial distress and hardship.

81.    Defendant Owsiany has acted in disregard of Plaintiff's rights by continuing to pursue an action in the United Stated District Court which lacks merit or substance.  His actions are detrimental and harmful to the physical and emotional well-being of the Plaintiff and have an adverse emotional effect upon Plaintiff's minor child.

82.    The actions of Defendant Thomas, Judge Fike, Blackwell and Mullen have been focused on intimidating, coercing and punishing Plaintiff for pursuing and defending her legal rights against Defendant Thomas.  The actions of the Defendant have caused Plaintiff to suffer physical, emotional and financial distress.

83.    The Plaintiff has been financially hammered by expending a sum in excess of $100,000.00 in defense and pursuit of her legal rights.  The financial hardships Plaintiff has been caused by the concerted actions of all named Defendants in depriving Plaintiff of the fair application of justice and full access to a court of law.

84.    Due to the conspiracy and collusion among the Defendants, it was not possible for Plaintiff to receive either a fair and impartial hearing, or a favorable ruling in Lawrence County, Pennsylvania against Defendant Thomas.

85.    The Judiciary, Defendants Blackwell, Mullen and Owsiany were beholden to the authority and influence of and did conspire with Defendants Thomas and Sichak.

86.    Defendants' conduct was by commission or omission a utilization of the

20

*Pennsylvania Court to further the interest of Defendants in violation of the Plaintiff's constitutional statutory rights.*

87.      *As a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff suffers and continues to suffer in the following ways:*

     *a.  Mental anguish and emotional strain;*

     *b.  Deprivation of the ordinary pleasures of life;*

     *c.  Damage to her reputation in the community;*

     *d.  Loss of sleep, stress;*

     *e.  Humiliation, embarrassment;*

     *f.  Plaintiff's relationship with her child has been strained and sabotaged; and*

     *g.  Plaintiff's financial interests have been sabotaged and damaged.*

88.      *As a further result of the aforementioned unlawful conduct of the Defendants, Plaintiff's emotional stability was hampered.   Furthermore, as a direct and proximate result of the acts and omissions of Defendants, Plaintiff continues to suffer mental anguish, was deprived of her due process rights, Fourth Amendment rights (i.e. her right to raise her child in manner as a competent parent desires without the interference of the State), her right to parent her child, and was forced to incur legal expenses used in opposition in legal matters that were preordained, and subsequently ruled against, Plaintiff prior to or in the absence of any hearing or other proceeding.*

### COUNT I:  VIOLATION OF CONSTITUTIONAL RIGHTS

**Defendants:  Kevin A. Thomas, Mary Ellen Sichak, Judge Eugene E. Fike II,
Dennis M. Blackwell, Esquire, Casey Mullen, Esquire and Robert Owisiany,
in Their Individual and Official Capacities
(Claim for Compensatory Damages)**

89.      Plaintiff incorporates herein by reference Paragraphs 1-88 of this
Complaint in Civil Action as if fully set forth herein at length.

90.      At all relevant times, Defendants were acting under color of state law
within the meaning of 42 U.S.C.§1983.

91.      Defendants' intentional actions of sabotaging Plaintiff's court proceedings,
determining outcomes against Plaintiff without evidentiary support, making ex
parte decisions without Plaintiff's input, conspiring and instituting sua sponte
determinations without justification or notice, and conspiracy to commit those
actions thereto, among others, were done with actual malice toward Plaintiff and
with willful and wanton indifference to and deliberate disregard for the
constitutional rights of Plaintiff.

92.      The Plaintiff has a right under the fourteenth Amendment of the United
States Constitution not to be deprived of life, liberty or property without both
substantive and procedural due process of law.

93.      The Plaintiff had a property interest, by virtue of the cost of the protracted
litigation, her loss of work time and financial destruction due to the conduct of
Defendants.

94 .    Pursuant to the First Amendment, Plaintiff had a right to have fair and

unbiased access  to court proceedings, full and open evidentiary hearings and outcomes not biased nor tainted by collusion and conspiracy.

95.     The conduct of the Defendants, acting individually or in concert with each other, as described above, in conspiring to determine the outcome of the case being heard before Defendant Judge Fike deprived Plaintiff of her right to both substantive and procedural due process under the Fourteenth Amendments, as well as Plaintiff's right to open access to the Courts under the First Amendment.

96.     As direct and proximate result of the Defendants' reckless, careless, willful, wanton, and malicious disregard of the laws and established procedures as described herein, Plaintiff suffered, and the Defendants are liable to Plaintiff for the within described injuries and damages and the following:

    a.  Pecuniary loss of wages, including gross wages and ancillary compensation;

    b.  Costs of the numerous actions involved;

    c.  Deprivation of the ability to enjoy the ordinary pleasures of life;

    d.  Injunctive and other equitable relief ordering Defendants to cease and desist from violating Plaintiff's constitutional rights; and

    e.  Other losses and/or damages permitted by law.

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS

**Defendants: Kevin A. Thomas, Mary Ellen Sichak, Judge Eugene E. Fike II, Dennis M. Blackwell, Esquire, Casey Mullen, Esquire and Robert M. Owsiany, in Their Individual Capacities Only**
**(Claim for Punitive Damages)**

97.     Plaintiff incorporates herein by reference Paragraphs 1-96 of this Complaint in a Civil Action as if fully set forth herein at length.

98.     Defendants, in inducing Defendant Fike to improperly adjudicate the custody case in Defendant Thomas' favor and corrupt the record in that case, acting individually and in concert with one another, have interfered with Plaintiff's right of access to the Courts under the First and Fourteenth Amendments to the Constitution by interfering with her initial legal and subsequent appellate rights.

99.     The intentional denial of Plaintiff's due process rights, both procedural and substantive by Defendants when Defendants had no lawful authority to subject Plaintiff to this deprivation which was done with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

100.     Defendants are liable for punitive damages to the Plaintiff in their individual capacities under 42 U.S.C.§1983.

## COUNT III:  CONSPIRACY TO VIOLATE CIVIL RIGHTS
### Defendants:  Kevin A. Thomas, Mary Ellen Sichak, Judge Eugene E. Fike II, Dennis M. Blackwell, Esquire Casey Mullen, Esquire and Robert M. Owsiany
### (Claim for Compensatory Damages)

101.  Plaintiff incorporates herein by reference Paragraphs 1-100 of this Complaint  in Civil Action as if fully set forth herein at length.

102.  That the actions of the Defendants and Defendant Judge Fike in conspiring with each other constituted a purposeful and willful denial of the Plaintiff's rights under the law and were done with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

103.  The object of the conspiracy was and is to deprive Plaintiff of her custody rights as those rights pertain to the best interests of her child, Connor.   In particular Defendants and Defendant Judge Fike conspired to pre-determine the custody case for Kevin Thomas, to deny Plaintiff her custody rights, and to infringe upon her due process rights and her right of fair access to the courts.

104.   The agreement to form the conspiracy began in 2011 when Defendant Judge Fike was assigned to preside over the case in Lawrence County.  As set forth above, Defendant Thomas greatly desired to have the custody case heard by Defendant Judge Fike and filed a lawsuit in the United States District Court to accomplish that purpose.

105.  Subsequently, Defendants Blackwell, Mullen and Owsiany joined in the conspiracy in order to further frustrate Plaintiff's  due process and custody rights.

106.  All Defendants conspired to violate Plaintiff's civil rights as more fully

described in the foregoing paragraphs in violation of 42 U.S.C.§1983, for which all named Defendants are liable.

107.   Specifically, Defendants conspired to;

    a.  Deny Plaintiff her First Amendment right to free association with her minor child, Connor Thomas.

    b.  Deny Plaintiff her First Amendment right to present her legal case and free access to the legal system and courts;

    c.  Deny Plaintiff her Fourth Amendment right to raise her minor child in a fashion that she, as a competent parent chooses to do;

    d.  Deny Plaintiff her Fourteenth Amendment right to procedural due process by altering court documents and proceedings in such a fashion to consistently deliver adverse outcomes against Plaintiff.  This denial consistently delivered outcomes favorable to Defendant Thomas and Sichak, without requiring any proof of claim, and in contravention to all evidence, when permitted to be presented, by Plaintiff.

108.  The conduct of the Defendants, acting individually or in concert with each other, as described above, deprived the Plaintiff of his right to substantive due process guaranteed to her under the Fourteenth Amendment of the United States Constitution, by conspiring with each other and with Defendant Judge Fike to effect the outcome of the legal actions for the custody of Connor Thomas and denied Plaintiff free access to the court and legal system.

## COUNT IV:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Defendants:  Kevin A. Thomas, Mary Ellen Sichak, Judge Eugene E. Fike II, Dennis M. Blackwell, Esquire, Casey Mullen, Esquire and Robert M. Owsiany, (Claim for Compensatory Damages)

109.  Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1-108 of this Complaint.

110.  Defendants intentionally deprived Plaintiff of her civil rights, specifically the right to raise her child, the right to due process and the right to fair and unbiased legal proceedings in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for which Defendants are liable.

111.  Defendants Thomas and Sichak intentionally used their influence of Defendants Blackwell, Mullen and Owsiany through the Lawrence County Court of Common Pleas and Defendant Judge Fike to threaten and harass Plaintiff into expending funds to defend and prosecute futile claims; filing frivolous and unwarranted petitions and motions; deny her fair and unbiased access to the legal system; and to prevent her from maintaining  a relationship with the minor child, Connor Thomas and parenting Connor in a manner she sees fit. Defendants intended to humiliate Plaintiff within her community, destroy her reputation and cause her emotional distress, in addition to the expenditure of thousand of dollars in legal fees.

112.    This Court has supplemental jurisdiction over this state law claim Pursuant to 28 U.S.C.§1367(a).

WHEREFORE,    Plaintiff requests that this Honorable Court enter judgment against the various Defendants on the above enumerated Counts I-IV, respectively, and award the following amounts.

a.    An amount in excess of $75,000.00, as compensatory and punitive damages in favor of Plaintiff.

b.    Costs of this action, including reasonable attorney fees to the Plaintiff; and

c.    Injunctive and other equitable relief ordering Defendants to cease And desist from violating Plaintiff's constitutional rights; and

d.    Such other and further relief as the Court may deem appropriate.

## ***DEMAND FOR JURY TRIAL***

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

Holly Thomas
Pro Se

152 Shenango Road
New Castle, PA  16105

(742) 658-6896

Dated:  August 19, 2012